**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALVARO FREDDY HERNANDEZ-SIBRIAN,**<br><br>Petitioner,<br><br>*v.*<br><br>**JAMAL L. JAMISON, et al.,**<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-cv-06447** |

**ORDER**

This matter is before the Court on Petitioner Alvaro Hernandez-Sibrian's Petition for Writ of Habeas Corpus (ECF. No. 1). Upon consideration of the Petition, and Respondents' form Response thereto (ECF No. 4), the Court finds that this action is governed by the Third Circuit's precedential decision in *Buele Morocho v. Warden Philadelphia FDC, et al.*, Nos. 26-1150, 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026).[1] Accordingly, Petitioner's current detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment, and it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

[1] Respondents' three-page form Response to Hernandez-Sibrian's Petition concedes that "the Third Circuit Court of Appeals rejected the government's reading of § 1225(b) in at least some circumstances and concluded that such noncitizens may not be detained without a bond determination." *See* ECF No. 4, at 3 (citing *Buele Morocho*, 2026 WL 2546223). Respondents do not provide any basis to differentiate this case from those governed by *Buele Morocho*. Rather, Respondents concede that "[t]his case appears to fall under the *Hurtado* category of cases, where the judges of this Court have previously rejected the government's arguments." *Id.*

2. The Government shall **RELEASE** Petitioner from custody immediately and shall further certify compliance with this Order by filing the certification on the docket no later than **12:00 p.m. (noon) Eastern Time** on **September 4, 2026**;[2]

3. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody; and

4. If the Government chooses to pursue re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). Pending that bond hearing, the Government shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner. Any such request must include an explanation for the request as well as the proposed destination. If unforeseen or emergency circumstances arise that require Petitioner to be removed from the District, the Government shall bring any such request to the Court without delay and simultaneously provide notice to Petitioner's counsel. The Court will then determine whether to grant the request and permit transfer.

**IT IS SO ORDERED.**

September 2, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**

---

[2] Petitioner Hernandez-Sibrian's requested remedy is immediate release. *See* ECF No. 1, at 14-15. Respondents' Response is entirely focused on the lawfulness of Petitioner's detention and silent as to the remedy requested. *See generally* ECF No. 4. The Court notes that courts have taken varying approaches to the appropriate relief in similar cases. *See*, *e.g.*, *Demirel v. Federal Detention Center Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 at *5 (E.D. Pa. Nov. 18, 2025). However, given the absence of any dispute by Respondents that Petitioner's requested relief is the appropriate remedy, the lack of any proposed alternative remedies, and in light of the Third Circuit's affirmation of the District Court's orders to release the petitioners in *Buele Morocho*, the Court declines to further explore this issue *sua sponte*. *See* 2026 WL 2546223 at *1.